IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,739-04






EX PARTE CYD LAVAN ALEXANDER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 719413B IN THE 8TH DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of bail jumping and
failure to appear and sentenced to 20 years' imprisonment. He did not appeal his conviction.

 Applicant contends he was never indicted for having committed this offense, was brought
to court on a state jail charge, and was not aware that he was pleading guilty to this charge. He
alleges that he was never admonished as to the consequences of his plea in accordance with state
law. He also alleges that he lacked the intent to commit this offense as he failed to appear because
his car had broken down on the way from Dallas to Sulphur Springs. Applicant alleges that he
turned himself in as soon as he could.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the
appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall order
trial counsel to file an affidavit addressing: (1) whether counsel had an opportunity to discuss the
charge in the information with the Applicant before he pleaded guilty; (2) whether counsel believes
Applicant understood what charge he was pleading guilty when he entered his plea and, if so, why;
(3) whether counsel advised Applicant to plead guilty and, if so, why counsel believed that pleading
guilty was in Applicant's best interest; and, (4) whether counsel believes that Applicant's plea was
freely and voluntarily entered. Further, the trial court shall instruct the clerk to supplement the
record with a copy of the transcription of court reporter's notes from the plea hearing. Finally, the
trial court shall instruct the clerk to supplement the record with copies of the judgment and plea
papers in any other cause to which Applicant pleaded guilty at the same time he entered his plea in
the challenged cause. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's guilty plea was freely
and voluntarily entered. Specifically, the trial court shall make findings of fact as to whether counsel
had an opportunity to discuss the charge in the information with the Applicant before he pleaded
guilty. The trial court shall make findings of fact as to whether counsel believes Applicant
understood what charge he was pleading guilty when he entered his plea. The trial court shall make
findings of fact as to whether counsel believes that pleading guilty was in Applicant's best interest. 
 The trial court shall make findings of fact as to counsel believes that Applicant's plea was freely
and voluntarily entered. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 16, 2009

Do not publish